UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JENNIFER VOLCANES,

     Plaintiff,

v.

PLANET CELLULAR, INC.,
PCT WIRELESS CORP
a/k/a PLANET CELLULAR INC.
a/k/a PLANET CELLULAR dba
PCT WIRELESS, and
SHAKEEL CHOTHAI, individually

     Defendants,

_____/

## COMPLAINT

     The Plaintiff JENNIFER VOLCANES, by and through undersigned counsel, hereby sues Defendants PLANET CELLULAR, INC., PCT WIRELESS CORP, a/k/a PLANET CELLULAR INC., a/k/a PLANET CELLULAR DBA PCT WIRELESS, and SHAKEEL CHOTHAI, individually, on the grounds set forth herein.

## INTRODUCTION

1. This is an action by Plaintiff JENNIFER VOLCANES, under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e et seq. the Pregnancy Discrimination Act amendment, 42 U.S.C.A. § 2000e(k); and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760, to redress the injury done to her by the Defendants PLANET CELLULAR, INC., PCT WIRELESS CORP, a/k/a PLANET

CELLULAR INC., a/k/a PLANET CELLULAR DBA PCT WIRELESS, on the basis of her Sex, and Pregnancy.

2. The Plaintiff also brings action under Florida State law claims for Intentional Infliction of Emotional Distress against individual Defendant Shakeel Chothai.

3. This is an action for damages brought in excess of $15,000.00, exclusive of interest, attorney's fees, and costs.

<u>JURISDICTION AND VENUE</u>

4. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e et seq. and the Pregnancy Discrimination Act amendment, 42 U.S.C.A. § 2000e(k) (PDA); and under the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760,

5. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343. Plaintiff invokes this Court's supplemental and pendant jurisdiction over Plaintiff's state law claims because they arise out of the same nucleus of operative facts as the federal Case, and pursuant to and §1343.

6. The venue of this action is properly placed in the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful, were committed in Miami-Dade County, within the jurisdiction of this Honorable Court.

<u>PARTIES</u>

7. Plaintiff JENNIFER VOLCANES is a resident of Miami-Dade County, who was employed by Defendant PLANET CELLULAR, INC. which also did business in

Florida under the name of PCT WIRELESS CORP. Plaintiff is a member of certain protected classes of persons.

8. Corporate Defendants PLANET CELLULAR, INC., PCT WIRELESS CORP, a/k/a PLANET CELLULAR INC. a/k/a PLANET CELLULAR DBA PCT WIRELESS, (hereinafter PLANET CELLULAR INC., or Defendant), are Florida Corporations conducting business in Miami-Dade County, Florida, and within the jurisdiction of this Court.

9. PLANET CELLULAR, INC., PCT WIRELESS CORP, a/k/a PLANET CELLULAR INC. a/k/a PLANET CELLULAR DBA PCT WIRELESS, are owned and operated by the same individual, Shakeel Chothai, and his wife May Baqai.

10. During her time of employment with Defendant PLANET CELLULAR, INC., Plaintiff received payment from PLANET CELLULAR, INC. and PCT WIRELESS CORP.

11. PLANET CELLULAR, INC., PCT WIRELESS CORP, a/k/a PLANET CELLULAR INC. a/k/a PLANET CELLULAR DBA PCT WIRELESS, PLANET CELLULAR, INC., PCT WIRELESS CORP, a/k/a PLANET CELLULAR INC. a/k/a PLANET CELLULAR DBA PCT WIRELESS hereinafter will be called collectively PLANET CELLULAR, INC.

12. Individual Defendant Mr. Shakeel Chothai is the owner of PLANET CELLULAR, INC., PCT WIRELESS CORP, a/k/a PLANET CELLULAR INC. a/k/a PLANET CELLULAR DBA PCT WIRELESS, PLANET CELLULAR, INC., PCT WIRELESS CORP, a/k/a PLANET CELLULAR INC. a/k/a PLANET

CELLULAR DBA PCT WIRELESS, collectively called PLANET CELLULAR, INC. Individual Defendant Mr. Shakeel Chothai is named Defendant in reference to the Count for Intentional Infliction of Emotional Stress under Florida statutes.

13. During all relevant times Defendant PLANET CELLULAR, INC. has continuously been an employer engaged in an industry affecting commerce, within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

14. At all relevant times Defendant PLANET CELLULAR, INC. has continuously employed 15 or more persons.

## PROCEDURAL REQUIREMENTS

15. All conditions precedent for this action has been fulfilled. On or about August 28, 2019, Plaintiff JENNIFER VOLCANES dual-filed her Charge of Discrimination with the EEOC, and with the Florida Commission on Human Relations within 300 days of the alleged violation. To date, over six (6) months have passed since the filing of the complaints. On or about December 10, 2019, the U.S. Equal Employment Opportunity Commission, on request, issued to Plaintiff a "Dismissal and Notice of Rights" with respect to such charge of discrimination.

16. The mentioned document was received by the Plaintiff on or about Monday, December 16, 2019. Consequently, the present Complaint is being filed within 90 days from the Plaintiff's receipt of the "Dismissal and Notice of Rights" ***See composite Exhibit "A."***

## STATEMENT OF FACTS

17. Plaintiff JENNIFER VOLCANES is a 37 years old female, member of a protected class under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e et seq. and the Pregnancy Discrimination Act amendment, 42 U.S.C.A. § 2000e(k) (PDA); and under the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760, because of her Sex, Pregnancy, and because of her participation in protected activities within the meaning of Federal and State law.

18. Defendant PLANET CELLULAR, INC. is an importer, exporter, wholesaler, and distributor of communication equipment, accessories, and parts. The Defendant has a place of business at 3525 NW 82nd Avenue, Doral, FL 33122, where the Plaintiff worked. The Defendant also maintained logistics warehouse facilities at a nearby location in Doral, Florida. Upon information and belief, Defendant PLANET CELLULAR, INC. has offices in California, Miami, Honduras, Ecuador, Colombia, and Dubai.

19. Defendant PLANET CELLULAR, INC. employed Plaintiff JENNIFER VOLCANES from approximately January 01, 2009, to February 19, 2019, or more than ten years.

20. The Plaintiff was hired as a full-time employee, to do general office work. Plaintiff worked multiple positions and she had a wide range of tasks assisting in the logistics, warehousing, customer service and sales department of the company.

21. Due to her outstanding performance and versatility, soon (2009), the Plaintiff was assigned some administrative duties. Later, she assumed many functions of a Finance Assistant supporting day-to-day transactions such as processing payments, maintaining cost reports and managing invoices. The Plaintiff's responsibilities

included maintaining inventory, expenses, and payroll. The Plaintiff's overall duties stayed the same until her last day of employment.

22. Throughout her employment with the Defendant, the Plaintiff performed her duties in an exemplary fashion. The Plaintiff possessed all the required skills, training and qualifications for the job in question, and performed her duties without significant issue or controversy.

23. In 2013, the Plaintiff had a baby and she took approximately 10 weeks of maternity leave. The Plaintiff returned to her work as scheduled without any inconvenience.

24. However, everything changed for Plaintiff around 2016, when manager Jose D. Jacome left the Company and a new administration began.

25. Around 2017, the owner of the business, Mr. Shakeel Chothai moved his headquarters from California to Miami, Florida, and the problems for Plaintiff began.

26. Mr. Shakeel Chothai made changes that affected the benefits of all the employees at PLANET CELLULAR, INC., but the most affected were female employees working at the Miami office of PLANET CELLULAR, INC.

27. Mr. Shakeel Chothai exhibited prejudice against women, maternity, and childbearing issues. Mr. Shakeel Chothai mistreated all female employees working at PLANET CELLULAR, INC., including his own wife.

28. Mr. Shakeel Chothai constantly complained about female employees asking permission for child-care and medical appointments issues, and he said that he would never hire a woman because women are not as good at their jobs as male employees. Mr. Shakeel Chothai had outdated stereotypes about women, and he

said that women of childbearing age or women who had children were a big problem for the company.

29. At PLANET CELLULAR, INC. female employees, including Plaintiff, were always afraid of losing their jobs due to Sex discrimination issues.

30. On or about June 2018, Plaintiff notified Mr. Shakeel Chothai and his wife May Baqai that she was pregnant, Mr. Shakeel Chothai was not pleased with the good news and immediately asked Plaintiff when she was going to take her maternity leave. The Plaintiff explained to Mr. Shakeel Chothai that she needed some time to find out about her delivery date.

31. After Plaintiff announced her pregnancy, Mr. Shakeel Chothai gave Plaintiff a bad attitude and he began to harass the Plaintiff asking her exact dates for her maternity leave. At least once a week Mr. Shakeel Chothai demanded Plaintiff to provide the date for maternity leave.

32. Mr. Shakeel Chothai had stereotypical assumptions about Pregnancy, child-care issues, and related absences, and he was extremely worried about the Plaintiff's request for medical leave.

33. Mr. Shakeel Chothai gave Plaintiff a hard time every time she required some time off to attend regular medical appointments. Mr. Shakeel Chothai was obviously upset with the Plaintiff's pregnancy and took good care that everyone knew about it.

34. The Plaintiff could not complain about the discriminatory and harassing conduct of Mr. Shakeel Chothai, because he was the owner and the maximum authority at PLANET CELLULAR, INC.

35. The Plaintiff needed her job, and she planned to work until a date very close to her delivery date. Thus, the Plaintiff had to endure the discriminatory treatment applied to her by her superior, a person with the power to hire and fire, as a condition for continued employment.

36. This repeated harassing and unlawful conduct of Mr. Shakeel Chothai created for Plaintiff a hostile working environment that deteriorated the Plaintiff's working conditions and caused her great mental distress and embarrassment.

37. Finally, on or about December 10, 2018, Plaintiff was able to submit her Absence Request, and she requested her 2018 vacation days from January 9 to February 01, 2019, and her maternity leave from February 2, 2019, to April 8, 2019. The Defendant approved Plaintiff's proposed request for leave dates and duration.

38. Nevertheless, the Plaintiff went into labor earlier. The Plaintiff went to work the last time on Wednesday January 02, 2019, and the next day, Thursday January 3, 2019, she gave birth to her baby. It was a happy event for the Plaintiff, she and the baby were healthy, everything was normal, and she did not anticipate any childbirth complications.

39. To Plaintiff consternation, on or about February 19, 2019, Mr. Shakeel Chothai's wife May Baqai, contacted Plaintiff and informed her that she was fired because the Company had closed her position. The Plaintiff was in shock, and in complete disbelief as to how she was being treated due to her pregnancy and childbirth.

40. The Plaintiff protested for the violation of her maternity leave rights protected under Federal and State law and requested the Defendant to reconsider its decision to terminate her employment.

41. This complaint constituted protected activity under Title VII, and The Pregnancy Discrimination Act (PDA), and the FCRA, Chapter 760.

42. The Defendant did not reconsider the Plaintiff's petition and terminated her effective immediately.

43. Plaintiff was a long-time trusted employee, but she did not have a minimum clue, about any restructuration, or financial reason that could put at risk her employment at PLANET CELLULAR, INC. As per Plaintiff's knowledge, the Company was flourishing, it was expanding and hiring more personnel in the United States and out of the Country. Even if the Defendant would have eliminated her position for business reasons, at PLANET CELLULAR, INC. there were plenty of employment opportunities for Plaintiff. Plaintiff had worked many positions at the firm, she had multiple roles, and she was able to fill the requirements for any position within the firm. There was not any valid reason or justification to fire her.

44. The Plaintiff was in her second week of maternity leave when Defendant fired her. The Plaintiff was unable to enjoy the benefits of her protected rights under Federal and State law. The Plaintiff not only lost her employment, but she also lost all health benefits, 6 weeks after her child had been born.

45. On or about February 19, 2019, was terminated due to her past pregnancy and childbirth, and in retaliation for using her protected maternity leave rights.

46. At the time of termination from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant, and the sole apparent reason for the termination of Plaintiff's employment was Plaintiff's

pregnancy and related attempt to seek maternity leave, as Plaintiff was entitled to do under Federal and State Law.

47. Contemporary to Plaintiff termination, Defendant also fired employee Lorena Paredes Ballon, from the PLANET CELLULAR, INC. office in Ecuador, who gave birth on or about January 23, 2019, and was fired on or about the first week of February 2019, less than 3 weeks after her baby was born.

48. Therefore, On or about February 19, 2019, Plaintiff JENNIFER VOLCANES was terminated, and the Defendant's termination of Plaintiff was directly and proximately caused by Defendant's unjustified discrimination and harassment against Plaintiff because of her pregnancy, and retaliation for her attempts to use maternity leave benefits. The Defendant's actions were in violation of both Federal and State Laws.

49. Because of the actions of the Defendant, Plaintiff has been damaged. In that, Plaintiff has suffered serious economic losses, lost wages and has she suffered mental pain and emotional distress.

50. The Defendant's conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights and therefore Plaintiff is entitled to punitive damages.

51. The Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of the Defendant's discriminatory practices, unless and until this Court grants relief.

52. The actions of the Defendant PLANET CELLULAR, INC., and or its agents were willful, wanton, intentional, and with malice or reckless indifference to the

Plaintiff's statutorily protected rights thus, entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendants for its actions and to deter it, and others, from such actions in the future.

53. Defendant PLANET CELLULAR, INC. is subjected to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which the Plaintiff was subjected to despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

54. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees and costs.

**COUNT I:**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C.A. §§ 2000E ET**
**SEQ. AND THE PREGNANCY DISCRIMINATION ACT AMENDMENT,**
**42 U.S.C.A. § 2000E(K)**

55. Plaintiff JENNIFER VOLCANES re-adopts every factual allegation as stated in paragraphs 1-54 above as if set out in full herein.

56. The Discrimination, Harassment, and discharge of the Plaintiff by Defendant were caused by Plaintiff's pregnancy.

57. The Defendant's decision to discriminate and to take adverse actions against Plaintiff was because of Plaintiff's physical condition of being pregnant.

58. At all relevant times, including the time of termination, the Defendant was aware that Plaintiff was pregnant.

59. At the time of termination from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by the Defendant.

60. The Plaintiff was well qualified for the position apart from her pregnancy.

61. The Plaintiff was discriminated, harassed, suspended and then discharged by her superiors because she was pregnant.

62. The fact that Plaintiff was pregnant was the motivating factor in the selection of Plaintiff for discharge, as the Defendant was looking to staff its positions with someone without pregnancy hindering work performance.

63. The Defendant is a sophisticated employer who has actual knowledge of the requirements of the Pregnancy Discrimination Act (PDA).

64. The failure of the Defendant to adhere to the mandates of the PDA was willful and its

    violations of the provisions of the PDA were willful.

65. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her pregnancy in violation of The Pregnancy Discrimination Act, with respect to its decision to discharge Plaintiff from employment.

66. The Plaintiff's termination from employment by Defendant was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because she was pregnant in violation of the PDA.

67. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses, as well as mental pain and suffering.

68. Any alleged nondiscriminatory reason for termination of Plaintiff asserted by Defendant is a mere pretext for the actual reason for termination, Plaintiff's pregnancy.

69. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their sex and pregnancy.

70. Discrimination based on pregnancy also constitutes unlawful sex discrimination.

71. Defendant PLANET CELLULAR, INC. is subjected to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which the Plaintiff was subjected to despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

72. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JENNIFER VOLCANES respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant PLANET CELLULAR, INC., its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on Pregnancy.

B. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant PLANET CELLULAR, INC. to make Plaintiff JENNIFER VOLCANES whole, by compensating Plaintiff for lost wages, benefits, including

front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation resulting from the employment discrimination suffered.

E. Award a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law including punitive damages,

G. Award attorney's fees and costs.

<u>JURY TRIAL DEMAND</u>

Plaintiff JENNIFER VOLCANES demands a trial by jury on all issues triable as of right by a jury.

**<u>COUNT II:</u>**
**VIOLATION OF <u>TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C.A.</u>**
**<u>§§ 2000E ET SEQ. AND THE PREGNANCY DISCRIMINATION ACT</u>**
**<u>AMENDMENT, 42 U.S. § 2000e-2: RETALIATION</u>**

73. Plaintiff JENNIFER VOLCANES re-adopts every factual allegation as stated in paragraphs 1-54 above as if set out in full herein.

74. Plaintiff is a member of a protected class under Title VII of The Civil Rights Act of 1964, 42 U.S.C.A. ET SEQ., and The Pregnancy Discrimination Act Amendment, 42 U.S.C.A. § 2000E(K) because of her Sex and Pregnancy, and because of her participation in protected activities within the meaning of the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 and].

75. Defendant PLANET CELLULAR, INC. employed Plaintiff JENNIFER VOLCANES from approximately January 01, 2009, to February 19, 2019, or more than ten years.

76. At all times material hereto, the Employer/Defendant PLANET CELLULAR, INC. failed to comply with the Pregnancy Discrimination Act (PDA), and the Civil

Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], Section 704(a), which makes it unlawful for an employer to retaliate against an individual "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing *under this subchapter*." 42 U.S.C. § 2000e-3(a) (emphasis added).

77. On or about June 2018, Plaintiff notified Mr. Shakeel Chothai and his wife May Baqai that she was pregnant, Mr. Shakeel Chothai was not pleased with the good news and immediately asked Plaintiff when she was going to take her maternity leave. The Plaintiff explained to Mr. Shakeel Chothai that she needed some time to find out about her delivery date.

78. After Plaintiff announced her pregnancy, Mr. Shakeel Chothai gave Plaintiff a bad attitude and he began to harass the Plaintiff asking her exact dates for her maternity leave. At least once a week Mr. Shakeel Chothai demanded Plaintiff to provide the date for maternity leave.

79. This repeated harassing and unlawful conduct of Mr. Shakeel Chothai created for Plaintiff a hostile working environment that deteriorated Plaintiff's working conditions and caused her great mental distress and embarrassment.

80. Finally, on or about December 10, 2018, Plaintiff was able to submit her Absence Request, and she requested her 2018 vacation days from January 9 to February 01, 2019, and her maternity leave from February 2, 2019, to April 8, 2019. The Defendant approved Plaintiff's proposed request for leave dates.

81. Nevertheless, the Plaintiff went into labor earlier. The Plaintiff went to work the last time on Wednesday January 02, 2019, and the next day, Thursday January 3, 2019.

82. To Plaintiff consternation, on or about February 19, 2019, Mr. Shakeel Chothai's wife May Baqai, contacted Plaintiff and informed her that she was fired because the Company had closed her position. The Plaintiff was in shock, and in complete disbelief as to how she was being treated due to her pregnancy and maternity leave.

83. The Plaintiff was in her second week of maternity leave when Defendant fired her. The Plaintiff was unable to enjoy the benefits of her protected rights under Federal and State law. The Plaintiff not only lost her employment, but she also lost all health benefits, 6 weeks after her child had been born.

84. The Plaintiff protested for the violation of her maternity leave rights protected under Federal and State law and requested Defendant to reconsider its decision to terminate her employment.

85. This complaint constituted protected activity under Title VII, and The Pregnancy Discrimination Act (PDA).

86. The Defendant did not reconsider and terminated Plaintiff effective immediately.

87. On or about February 19, 2019, was terminated due to her past pregnancy and childbirth, and in retaliation for using her protected maternity leave rights.

88. At the time of termination from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant, and the sole apparent reason for the termination of Plaintiff's employment was Plaintiff's

pregnancy and related attempt to seek maternity leave, as Plaintiff was entitled to do under Federal and State Law.

89. There was no reason other than Pregnancy Discrimination and retaliation to terminate Plaintiff.

90. Any alleged nondiscriminatory reason for terminating Plaintiff asserted by the Defendant is a mere pretext for the actual reasons for termination, Plaintiff's Pregnancy and associated maternity leave.

91. Defendant PLANET CELLULAR, INC. is a sophisticated employer who has actual knowledge of the requirements of The Pregnancy Discrimination Act (PDA), and Title VII of the Civil Rights Act of 1964, as amended, and specifically of Section 704(a) of the Act, which specifically makes it unlawful to retaliate against employees who oppose or participate in statutorily protected activity.

92. Defendant PLANET CELLULAR, INC. through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, retaliated against Plaintiff JENNIFER VOLCANES on account of Plaintiff's pregnancy and maternity leave.

93. Retaliation based on having engaged in a protected activity constitutes unlawful retaliation within the meaning of Title VII and the PDA.

94. Defendant PLANET CELLULAR, INC. is subjected to vicarious liability for the actions of it agents, because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected to, despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

95. As a result of the Retaliation, Plaintiff JENNIFER VOLCANES has incurred substantial monetary losses and has suffered emotional distress, embarrassment, and humiliation.

96. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees and costs.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff JENNIFER VOLCANES respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant PLANET CELLULAR, INC., its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which constitutes unlawful retaliation for having engaged in protected activity, and;

B. Reinstate Plaintiff JENNIFER VOLCANES to the same position she held before the retaliatory personnel action, or to an equivalent position;

C. Reinstate full fringe benefits and seniority rights to Plaintiff;

D. Order Defendant PLANET CELLULAR, INC. to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation due to the discrimination of Plaintiff and due to the retaliatory discharge;

E. For a money judgment representing prejudgment interest;

F. Award any other compensation allowed by law including compensatory damages, punitive damages, and attorneys' fees and costs.

<u>JURY TRIAL DEMAND</u>

Plaintiff JENNIFER VOLCANES demands a trial by jury on all issues triable as of right by a jury.

<u>**COUNT III:**</u>
<u>**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 CHAPTER 760:**</u>
<u>**DISCRIMINATION BASED ON SEX**</u>

97. Plaintiff JENNIFER VOLCANES re-adopts every factual allegation as stated in paragraphs 1-54 and above as if set out in full herein.

98. At all times material hereto, the Employer/Defendant PLANET CELLULAR, INC. failed to comply with the Florida Civil Rights Act of 1992 [Florida Statutes Section 760.10] which states,

   *"It is an unlawful employment practice for an employer: To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race,* color, *religion, sex, national origin, age, handicap, or marital status"*

99. The discrimination of Plaintiff JENNIFER VOLCANES by Defendant PLANET CELLULAR, INC. was caused by the Defendant being aware of Plaintiff's Sex and Sex-related Pregnancy.

100. The Defendant's decision to discriminate against Plaintiff was because of Plaintiff's Sex and Sex-related Pregnancy.

101. At all relevant times, including the time of discrimination, Defendant PLANET CELLULAR, INC. was aware that Plaintiff JENNIFER VOLCANES belonged to a protected group.

102. At the time of the unlawful discrimination, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by the Defendant.

103.    The Plaintiff was qualified for the position apart from her apparent Sex and related Pregnancy.

104.    The Plaintiff was discriminated against by Defendant PLANET CELLULAR, INC. because the Plaintiff was a pregnant female.

105.    The Defendant is a sophisticated employer who has actual knowledge of the requirements of the Florida Civil Rights Act, Chapter 760.

106.    The failure of Defendant PLANET CELLULAR, INC. to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

107.    Defendant PLANET CELLULAR, INC., through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's State protected rights, discriminated against Plaintiff on account of her Sex, in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

108.    Plaintiff JENNIFER VOLCANES was discriminated, harassed, suspended and discharged by the Defendant PLANET CELLULAR, INC., and Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of Plaintiff's Sex and related pregnancy.

109.    As a direct and proximate result of the Defendant's intentional conduct, the Plaintiff suffered serious economic losses as well as mental anguish, humiliation, pain and suffering.

110.     Any alleged nondiscriminatory reason for the termination of the Plaintiff's employment asserted by Defendant PLANET CELLULAR, INC., is a mere pretext for the actual reasons for the termination from employment, Plaintiff's Sex and Sex-related pregnancy.

111.     The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their Sex. Discrimination based on Sex constitutes unlawful discrimination in violation of the Florida Civil Rights Act, Chapter 760.

112.     Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JENNIFER VOLCANES respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant PLANET CELLULAR, INC. its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on Sex;

B. Reinstate Plaintiff to the same position held before the retaliatory personnel action, or to an equivalent position;

C. Reinstate full fringe benefits and seniority rights to Plaintiff;

D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain, and humiliation;

E. For a money judgment representing prejudgment interest;

F.  Award any other compensation allowed by law including punitive damages, attorney's fees (448.104) and further demands a trial by jury on all issues so triable.

JURY TRIAL DEMAND

Plaintiff JENNIFER VOLCANES demands a trial by jury on all issues triable as of right by a jury.

**COUNT IV:**
**VIOLATION OF FLORIDA CIVIL RIGHTS ACT,**
**CHAPTER 760, FLORIDA STATUTES; RETALIATION**

113.     Plaintiff JENNIFER VOLCANES re-adopts every factual allegation as stated in paragraphs 1-54 and 97-112 of this Complaint as if set out in full herein.

114.     This is an action against Defendant PLANET CELLULAR, INC. for unlawful retaliation under the Florida Civil Rights Act, Chapter 760, Fla. Stat., (FCRA).

115.     The FCRA contains an anti-retaliation provision, forbidding employers from retaliating, or from taking adverse personnel action against, those employees who exercise their lawful and protected rights under the Act.

116.     The FCRA, *Fla. Stat. Section 760.10,* (7) reads in applicable part, as follows:

*"It is an unlawful employment practice for an employer, an employment agency, a joint labor-management committee, or a labor organization to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section".*

117.    Plaintiff JENNIFER VOLCANES is a member of a protected class under Title VII and the Florida Civil Rights Act because of her Sex, and because of her participation in protected activities within the meaning of the Florida Civil Rights Act.

118.    Defendant PLANET CELLULAR, INC. employed Plaintiff JENNIFER VOLCANES from approximately January 01, 2009, to February 19, 2019, or more than ten years.

119.    On or about June 2018, Plaintiff notified Mr. Shakeel Chothai and his wife May Baqai that she was pregnant, Mr. Shakeel Chothai was not pleased with the good news and immediately asked Plaintiff when she was going to take her maternity leave.  The Plaintiff explained to Mr. Shakeel Chothai that she needed some time to find out about her delivery date.

120.    After Plaintiff announced her pregnancy, Mr. Shakeel Chothai gave Plaintiff a bad attitude and he began to harass the Plaintiff asking her exact dates for her maternity leave. At least once a week Mr. Shakeel Chothai demanded Plaintiff to provide the date for maternity leave.

121.    This repeated harassing and unlawful conduct of Mr. Shakeel Chothai created for Plaintiff a hostile working environment that deteriorated Plaintiff's working conditions and caused her great mental distress and embarrassment.

122.    Finally, on or about December 10, 2018, Plaintiff was able to submit her Absence Request, and she requested her 2018 vacation days from January 9 to February 01, 2019, and her maternity leave from February 2, 2019, to April 8, 2019. The Defendant approved Plaintiff's proposed request for leave dates.

123.     Nevertheless, the Plaintiff went into labor earlier. The Plaintiff went to work the last time on Wednesday January 02, 2019, and the next day, Thursday January 3, 2019.

124.     To Plaintiff consternation, on or about February 19, 2019, Mr. Shakeel Chothai's wife May Baqai, contacted Plaintiff and informed her that she was fired because the Company had closed her position. The Plaintiff was in shock, and in complete disbelief as to how she was being treated due to her pregnancy and maternity leave.

125.     The Plaintiff was in her second week of maternity leave when Defendant fired her.  The Plaintiff was unable to enjoy the benefits of her protected rights under Federal and State law. The Plaintiff not only lost her employment, but she also lost all health benefits, 6 weeks after her child had been born.

126.     The Plaintiff protested for the violation of her maternity leave rights protected under Federal and State law and requested Defendant to reconsider its decision to terminate her employment.

127.     This complaint constituted protected activity under the Florida Civil Rights Act, Chapter 760, Fla. Stat.

128.     The Defendant did not reconsider and fired Plaintiff effective immediately.

129.     On or about February 19, 2019, was terminated due to her past pregnancy and childbirth, and in retaliation for using her protected maternity leave rights.

130.     At the time of termination from her employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by the Defendant.

131. There was no reason other than Sex and sex-related pregnancy discrimination and retaliation to terminate Plaintiff.

132. On or about February 8, 2017, Plaintiff was fired by the Defendant, and Plaintiff's termination was directly and proximately caused by Defendant's unjustified Discrimination and Retaliation against Plaintiff because of her complaints of unlawful Sex and sex-related pregnancy Discrimination and Harassment in violation of the Florida Civil Rights Act, Chapter 760, Fla. Stat., (FCRA).

133. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff JENNIFER VOLCANES suffered serious economic losses as well as mental pain and suffering.

134. Any alleged nondiscriminatory reason for terminating Plaintiff asserted by the Defendant is a mere pretext for the actual reasons for termination, Plaintiff's complaints of Sex-related discrimination and Harassment.

135. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their Sex, and retaliation due to her complaints of unlawful discrimination. Retaliation based on having engaged in a protected activity constitutes unlawful retaliation.

136. Defendant PLANET CELLULAR, INC. is subjected to vicarious liability for the actions of its agents, because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected to, despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

137.     As a direct and proximate result of the actions and omissions of Defendant, Plaintiff JENNIFER VOLCANES has suffered substantial monetary losses and has suffered emotional distress, embarrassment, and humiliation, as well as the violation of her statutory rights.

138.     Plaintiff JENNIFER VOLCANES has not a plain, adequate, or complete remedy at law. The Plaintiff is still suffering and will continue to suffer, extreme emotional distress, emotional pain, mental anguish and humiliation, loss of dignity, loss of enjoyment of life. These losses are continuing and will continue in the future.

139.     Plaintiff JENNIFER VOLCANES has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff JENNIFER VOLCANES respectfully requests that this Court order the following.

A. Grant a permanent injunction enjoining Defendant PLANET CELLULAR, INC., its officers, successors, assigns and all persons in active concert or participation with it, from engaging in further discriminatory and retaliatory practice in violation of the FCRA, Fla. Stat. Section 760.10, (7);

B. Award Plaintiff JENNIFER VOLCANES a judgment against the Defendant PLANET CELLULAR, INC. for compensatory damages as determined by the Trier of fact;

C. Award Plaintiff JENNIFER VOLCANES restitutionary damages including back

pay, front pay, liquidated damages, any "Employee Welfare Benefits" and retirement benefits for the time the Plaintiff should have worked absent Defendant's discriminatory treatment;

D. Enter Judgment for Punitive damages against Defendant PLANET CELLULAR, INC.;

E. Award all reasonable Attorney's fees and costs incurred in connection with this action; and any other and further relief as justice may require.

<u>JURY TRIAL DEMAND</u>

Plaintiff JENNIFER VOLCANES demands a trial by jury on all issues triable as of right by a jury.

<u>COUNT V:</u>
<u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;</u>
<u>AGAINST SHAKEEL CHOTHAI</u>

140. Plaintiff JENNIFER VOLCANES re-adopts every factual allegation as stated in paragraphs 1-54 of this Complaint as if set out in full herein.

141. Defendant PLANET CELLULAR, INC. and MR. SHAKEEL CHOTHAI employed Plaintiff JENNIFER VOLCANES from approximately January 01, 2009, to February 19, 2019, or more than ten years.

142. The Plaintiff was hired as a full-time employee, to do general office work. Plaintiff worked multiple positions and she had a wide range of tasks assisting in the logistics, warehousing, customer service and sales department of the company.

143. Due to her outstanding performance and versatility, soon (2009), the Plaintiff was assigned some administrative duties. Later, she assumed many functions of a Finance Assistant supporting day-to-day transactions such as

processing payments, maintaining cost reports and managing invoices. The Plaintiff's responsibilities included maintaining inventory, expenses, and payroll. The Plaintiff's overall duties stayed the same until her last day of employment.

144.     Throughout her employment with the Defendant, the Plaintiff performed her duties in an exemplary fashion.  The Plaintiff possessed all the required skills, training and qualifications for the job in question, and performed her duties without significant issue or controversy.

145.     However, everything changed for Plaintiff around 2017, when the owner of the business, MR. SHAKEEL CHOTHAI moved his headquarters from California to Miami, Florida, and the problems for Plaintiff began.

146.     MR. SHAKEEL CHOTHAI made changes that affected the benefits of all the employees at PLANET CELLULAR, INC., but the most affected were female employees working at the Miami office of PLANET CELLULAR, INC.

147.     MR. SHAKEEL CHOTHAI exhibited prejudice against women, maternity, and childbearing issues. MR. SHAKEEL CHOTHAI mistreated all female employees working at PLANET CELLULAR, INC., including his own wife.

148.     MR. SHAKEEL CHOTHAI constantly complained about female employees asking permission for child-care and medical appointments issues, and he said that he would never hire a woman because women are not as good at their jobs as male employees.  MR. SHAKEEL CHOTHAI had outdated stereotypes about women, and he said that women of childbearing age or women who had children were a big problem for the company.

149.    At PLANET CELLULAR, INC. female employees, including Plaintiff, were always afraid of losing their jobs due to Sex discrimination issues.

150.    On or about June 2018, Plaintiff notified MR. SHAKEEL CHOTHAI and his wife May Baqai that she was pregnant, MR. SHAKEEL CHOTHAI was not pleased with the good news and immediately asked Plaintiff when she was going to take her maternity leave.  The Plaintiff explained to MR. SHAKEEL CHOTHAI that she needed some time to find out about her delivery date.

151.    After Plaintiff announced her pregnancy, MR. SHAKEEL CHOTHAI gave Plaintiff a bad attitude and he began to harass the Plaintiff asking her exact dates for her maternity leave. At least once a week MR. SHAKEEL CHOTHAI demanded Plaintiff to provide the date for maternity leave.

152.    MR. SHAKEEL CHOTHAI had stereotypical assumptions about Pregnancy, child-care issues, and related absences, and he was extremely worried about Plaintiff's request for medical leave.

153.    MR. SHAKEEL CHOTHAI gave Plaintiff a hard time every time she required some time off to attend regular medical appointments. MR. SHAKEEL CHOTHAI was obviously upset with the Plaintiff's pregnancy and took good care that everyone knew about it.

154.    The Plaintiff could not complain about the discriminatory and harassing conduct of MR. SHAKEEL CHOTHAI, because he was the owner and the maximum authority at PLANET CELLULAR, INC.

155.    The Plaintiff needed her job, and she planned to work until a date very close to her delivery date. Thus, the Plaintiff had to endure the discriminatory treatment

applied to her by her superior, a person with the power to hire and fire, as a condition for continued employment.

156.     This repeated harassing and unlawful conduct of **MR. SHAKEEL CHOTHAI** created for Plaintiff a hostile working environment that deteriorated the Plaintiff's working conditions and caused her great mental distress and embarrassment.

157.     Finally, on or about December 10, 2018, Plaintiff was able to submit her Absence Request, and she requested her 2018 vacation days from January 9 to February 01, 2019, and her maternity leave from February 2, 2019, to April 8, 2019. The Defendant approved Plaintiff's proposed request for leave dates and duration.

158.     On Thursday January 3, 2019, the Plaintiff gave birth to her baby. It was a happy event for Plaintiff, she and the baby were healthy, everything was normal, and she did not anticipate any childbirth complications.

159.     To Plaintiff consternation, on or about February 19, 2019, MR. SHAKEEL CHOTHAI's wife May Baqai contacted Plaintiff and informed her that she was fired because the Company had closed her position. The Plaintiff was in shock, and in complete disbelief as to how she was being treated due to her pregnancy and childbirth.

160.     The Plaintiff protested for the violation of her maternity leave rights protected under Federal and State law and requested the Defendants to reconsider its decision to terminate her employment.

161.     This complaint constituted protected activity under Title VII, and The Pregnancy Discrimination Act (PDA), and the FCRA, Chapter 760.

162. The Defendant did not reconsider the Plaintiff's petition and terminated her effective immediately.

163. The Plaintiff was a long-time trusted employee, but she did not have a minimum clue, about any restructuration, or financial reason that could put at risk her employment at PLANET CELLULAR, INC. As per Plaintiff's knowledge, the Company was flourishing, it was expanding and hiring more personnel in the United States and out of the Country. Even if the Defendant would have eliminated her position for business reasons, at PLANET CELLULAR, INC. there were plenty of employment opportunities for the Plaintiff. Plaintiff had worked many positions at the firm, she had multiple roles, and she was able to fill the requirements for any position within the firm. There was not any valid reason or justification to fire her.

164. The Plaintiff was in her second week of maternity leave when Defendant fired her. The Plaintiff was unable to enjoy the benefits of her protected rights under Federal and State law. The Plaintiff not only lost her employment, but she also lost all health benefits, 6 weeks after her child had been born.

165. On or about February 19, 2019, was terminated due to her past pregnancy and childbirth, and in retaliation for using her protected maternity leave rights.

166. At the time of termination from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by the Defendant, and the sole apparent reason for the termination of Plaintiff's employment was Plaintiff's pregnancy and related attempt to seek maternity leave, as Plaintiff was entitled to do under Federal and State Law.

167.     The conduct of MR. SHAKEEL CHOTHAI was the direct and proximate cause of severe emotional distress to Plaintiff.

168.     As a direct and proximate result of the intentional acts of **MR. SHAKEEL CHOTHAI**, the Plaintiff experienced pain, suffering, severe mental anguish, physical injury, unnecessary medical care and expenses, lost wages, lost future wages, loss of future earning capacity, and was otherwise injured and damaged.

169.     The Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, the Plaintiff JENNIFER VOLCANES respectfully requests that this Court order the following;

A.  Award Plaintiff judgment against MR. SHAKEEL CHOTHAI for compensatory damages as determined by the trier of fact.

B.  Award Plaintiff Restitutionary damages including back pay, front pay, liquidated damages, loss of "Employee Welfare Benefits" and retirement benefits for the time the Plaintiff should have worked absent Defendant's discriminatory treatment.

C.  Enter Judgment for Punitive damages against MR. SHAKEEL.

D.  Award all reasonable Attorney's fees and costs incurred in connection with this action; and any other and further relief as justice may require.

<u>JURY TRIAL DEMAND</u>

The Plaintiff JENNIFER VOLCANES demands a trial by jury on all issues triable as of right by a jury.

Dated:  March 12, 2020

Respectfully submitted,

By:  /s/ **Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*